**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SELECTIVE WAY INSURANCE CO.,

    Plaintiff,

       v.

RAVES LANDSCAPING INC., et al.,

    Defendants.

CIVIL ACTION NO. 3:12-cv-209

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is the Complaint for Declaratory Judgment of Plaintiff Selective Way Insurance Company ("Selective").  (Doc. 1).  Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless the Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on February 2, 2012.  Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  As to the individual Defendants, the Complaint states that: (1) "Defendants Robert A. Rave and Kathy Rave, individually and as husband and wife . . . are adult individuals, as well as officers of Raves Landscaping, Inc., with offices located at 621 Valley View Road, Dallas, Pennsylvania 18612-8501"; and (2) "Defendant Rodolfo Barragan Yanez (a/k/a/ Rodolfo Barragan) . . . is an adult individual with a last known address of 1219 Dartmouth Street, Scranton, Pennsylvania 18504-2721."  (Compl. at ¶¶ 6-7, Doc. 1).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua*

*sponte.   Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.   In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619 (1914).

2

In the matter *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the individual Defendants.  To the extent the Complaint alleges the location of their offices or last known address, such averments are not sufficient to establish domicile.  The Court therefore finds that Complaint has not properly plead the Individual Defendants' citizenship for the purposes of diversity jurisdiction.

Therefore, because Plaintiff fails to allege necessary facts regarding its citizenship, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction.  The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity of citizenship jurisdiction exists.  Failure to do so will result in this action being dismissed.  An appropriate order follows.


 February 10, 2012                                   /s/ A. Richard Caputo

Date                                                             A. Richard Caputo
                                                                    United States District Judge

3